IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 1:17-CR-495-JMC-2 |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA NICOLE HATCHER | ) | |

**PRELIMINARY ORDER OF FORFEITURE AS TO**
**DONNA NICOLE HATCHER**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Donna Nicole Hatcher ("Hatcher", "Defendant"), based upon the following:

1. On June 6, 2017, an Indictment was filed charging Hatcher with:

    Count 1:  Conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344 and 1349;

    Counts 4 and 5:  Bank fraud, in violation of 18 U.S.C. § 1344; and

    Count 8:  Conspiracy to possess forged securities of organizations and mail theft, in violation of 18 U.S.C. §§ 1708, 513, and 371.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Hatcher's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

(1) Proceeds/Money Judgment[1]:

    (a) A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, that is, a minimum of approximately $29,594.77 in United States currency, and all interest and proceeds traceable thereto, and/or that such sum equals all property involved in or traceable to their violations of 18 U.S.C. §§ 1344, 1349 and 371.

3. On October 26, 2017, Hatcher pled guilty to the conspiracy to commit bank fraud charge and pursuant to her written plea agreement, agreed to the entry of a forfeiture judgment.

4. Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

5. The court has determined that the government has established the requisite nexus between the forfeiture judgment and the offense for which Hatcher has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Donna Nicole Hatcher, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Hatcher and in favor of the United States for $9,765.35, along with appropriate costs and interest thereon at the rate provided for in 28

---

[1] The government is pursuing a forfeiture judgment in the amount of $9,765.35 against this Defendant.

U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon the entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant, and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

s/J. Michelle Childs
J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

June 27, 2018
Columbia, South Carolina